IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL BRAY, et al.,

        Plaintiffs,

                                Civil Action No. 2:10-cv-054
vs.                         Judge Sargus
                                Magistrate Judge Kemp

PLANNED PARENTHOOD
COLUMBIA WILLAMETTE, INC., et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Planned Parenthood of the Columbia/Willamette, Inc. and Squire, Sanders and Dempsey L.L.P.'s motions to dismiss. (Docs. 14 & 15.) For the reasons that follow, the motions are **GRANTED in PART** and **DENIED in PART**.

I.

Plaintiffs Michael and Jayne Bray, their six minor children, and their children Epiphany Bray, Beseda Bray, and Perseverance Bray (collectively "Plaintiffs") bring the instant action claiming violations of their constitutional rights and Ohio law against Defendants Planned Parenthood of the Columbia/Willamette, Inc. ("Planned Parenthood"), the law firm Squire, Sanders and Dempsey L.L.P. ("Squire, Sanders and Dempsey"), Deputy United States Marshals Joel Kimmet, Micah Stevenson, and Chris Riley (collectively "U.S. Marshal Defendants"), and ten unidentified parties. The events giving rise to this suit occurred on October 1, 2007, when

the U.S. Marshal Defendants, attorneys from Squire, Sanders and Dempsey, an agent from the Bureau of Alcohol, Tobacco, and Firearms, at least two Clinton County sheriff deputies, and others entered the home of Michael and Jayne Bray in Wilmington, Ohio to seize property belonging to the Brays pursuant to a writ of execution issued by this Court. (*See* Am. Compl. ¶ 1.) The writ had been issued to enforce a judgment of approximately $850,000 obtained against Michael Bray by Planned Parenthood in an action in the United States District Court for the District of Oregon. (Am. Compl. ¶¶ 4.4–4.6.) Squire, Sanders and Dempsey provided legal representation to Planned Parenthood in obtaining the writ of execution.

Plaintiffs allege that, prior to carrying out the writ of execution, the U.S. Marshal Defendants and Squire, Sanders and Dempsey, acting as an agent of its client, Planned Parenthood, conspired to violate Plaintiffs' rights. (Am. Compl. ¶ 4.16.) Plaintiffs specifically allege that in carrying out the writ, the U.S. Marshal Defendants and the Squire, Sanders and Dempsey attorneys prevented Plaintiffs from contacting their legal counsel; closely monitored and limited the family's freedom of movement; wrongfully videotaped the inside of Plaintiffs' home; wrongfully told Plaintiffs that they would be forced to vacate their home; wrongfully searched Plaintiffs' entire home; exceeded the scope of the writ by searching all of Plaintiffs' papers and effects; allowed multiple strangers access to Plaintiffs' property; and removed property from Plaintiffs' home that was not subject to the writ. (*See* Am. Compl. ¶ 4.16.)

Plaintiffs initially brought this action in the Court of Common Pleas of Clinton County, Ohio. Defendants Riley and Kimmet then removed the action to the Western Division of this Court pursuant to 28 U.S.C. § 1442. (Doc. 1.) The case was then transferred to this, the Eastern Division of this Court, pursuant to the joint motion of Squire, Sanders and Dempsey and Planned

2

Parenthood. (*See* Doc. 21.) On December 15, 2009, Plaintiffs filed an amended complaint with five causes of action against Defendants. These include a claim for the unreasonable seizure of Michael Bray in violation of the Fourth and Fourteenth Amendments; a claim for the deprivation of Michael Bray's liberty without due process of law in violation of the Fifth and Fourteenth amendments; a claim for an unreasonable search of the Bray home in violation of the Fourth and Fourteenth Amendments; a claim for the violation of Plaintiffs' right to privacy in violation of the Fourth and Fourteenth Amendments; and a claim for the tort of conversion of property. (Am. Compl. ¶¶ 5.1–9.4.) Plaintiffs' constitutional claims are brought pursuant to 42 U.S.C. § 1983 and their conversion claim is brought pursuant to Ohio law.

Squire, Sanders and Dempsey and Planned Parenthood now move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.

Rule 12(b)(6) requires dismissal if the complaint fails to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 555)(internal quotations omitted).

3

## III.

As an initial matter, in their briefing, Plaintiffs insist that this Court should treat their claims against Squire, Sanders and Dempsey and Planned Parenthood as arising under the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) in addition to 42 U.S.C. § 1983. (*See* Pl.'s Mem. Opp'n 11.) In *Bivens*, the Court recognized a private cause of action for damages against federal agents for the violation of constitutional rights. *See id.* at 389. However, Plaintiffs' amended complaint only mentions *Bivens* once, and only in specific reference to the U.S. Marshal Defendants. (*See* Am. Compl. ¶ 3.7 ("Plaintiffs bring this action against Kimmet, Riley and Stevenson under the holding of *Bivens* [].").) Each of Plaintiffs' causes of action for constitutional violations are stated as being made pursuant to 42 U.S.C. § 1983. (*See* Am. Compl. ¶¶ 5.2, 6.2, 7.2, & 8.2.) Accordingly, Plaintiffs have failed to allege causes of actions against Squire, Sanders and Dempsey and Planned Parenthood pursuant to *Bivens*, and the Court will construe Plaintiffs' constitutional claims against theses Defendants as arising under 42 U.S.C. § 1983.

## IV.

### A.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. Section 1983 itself creates no substantive rights, but merely provides a

4

mechanism for aggrieved persons to obtain a remedy for deprivations of rights established elsewhere. *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Section 1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *See Barrett v. Steubenville City Sch.*, 388 F.3d 967, 971 (6th Cir. 2004); *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998); *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir. 1992).

In certain instances, private parties can be considered state actors, and thus be subjected to liability pursuant to § 1983. Determining whether the actions of private parties can be attributed to a state involves a two part inquiry. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* Here, both Squire, Sanders and Dempsey and Planned Parenthood contend that Plaintiffs have not pleaded sufficient facts to establish that they were state actors during the levy of Plaintiffs' property.

As to the first part of the *Lugar* inquiry, while the levy of property in satisfaction of Federal judgments pursuant to Rule 69 can be governed by state law, see FED. R. CIV. P. 69, the writ of execution was issued by a Federal Court to satisfy a Federal judgment, and was executed by agents of the Federal Government. Accordingly, the "right or privilege" exercised in this case cannot be said to have been created by a State or to have arisen under State law.

5

Turning to the second part of the *Lugar* inquiry, the Sixth Circuit has recognized three tests to determine if private parties should be considered state actors for purposes of attaching § 1983 liability.  These include "(1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000).  The public function test, which "requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain," id. (internal quotations omitted), is not implicated by the facts alleged in the complaint. The state compulsion test requires that "a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id.* at 829 (internal quotations omitted).  Finally, state action can be attributed to a private party under the symbiotic relationship or nexus test "when there is a sufficiently close nexus between the state and the challenged action of the [] entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* at 830 (internal quotations omitted).

With regard to the state compulsion and symbiotic relationship/nexus tests, the Court notes that the only state actors alleged to have been involved in the events of October 1, 2007 were the Clinton County sheriff deputies.  The complaint does not name these deputies as defendants nor allege that the deputies conspired to deprive Plaintiffs of their rights.  Rather, the complaint alleges that the conspirators, i.e. Squire, Sanders and Dempsey, Planned Parenthood, and the U.S. Marshal Defendants, agreed to invite the deputies to participate in the levy of property as an additional show of force.  (Am. Compl. ¶ 4.16.)  There are no allegations that the deputies exerted any influence over the Defendants in any way, encouraged their activities,

6

coerced them, or that the deputies themselves were responsible for the alleged constitutional

violations. The mere presence of the sheriff deputies without more does not convert the actions

of the private parties into state action. *See United States v. Coleman*, 628 F.2d 961, 963–64 (6th

Cir. 1980).

Another means by which private action can be considered state action under § 1983 exists

where the private parties have conspired with state actors to violate constitutional rights. *See,*

*e.g., Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361

F.3d 898, 905 (6th Cir. 2004). However, as stated above, the only state actors allegedly involved

in the events of October 1, 2007 were sheriffs deputies from Clinton County. These deputies are

not alleged to have participated in a conspiracy with Squire, Sanders and Dempsey, Planned

Parenthood, and the U.S. Marshal Defendants. Further, the deputies are only mentioned twice in

the entire complaint, and the allegations concerning their involvement fall far short of the

pleading requirement articulated by the Supreme Court in *Twombly* that a complaint must "nudge

[] [a plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Accordingly, even assuming that all the factual allegations in the complaint are true as the Court

must do in deciding a Rule 12(b)(6) motion, the Plaintiffs' amended complaint fails to make out

a claim that Squire, Sanders and Dempsey and Planned Parenthood were state actors during the

events in question. Plaintiffs' first, second, third, and fourth causes of actions are dismissed as to

both Squire, Sanders and Dempsey and Planned Parenthood.

### B.

Squire, Sanders and Dempsey and Planned Parenthood also move to dismiss Plaintiffs'

state law claim for conversion of property. The tort of conversion has been defined by Ohio

7

courts as "an exercise of dominion or control wrongfully exerted over property in denial of or under a claim inconsistent with the rights of another." *Dice v. White Fmaily Cos.*, 878 N.E.2d 1105, 1108–09 (Ohio Ct. App. 2007). In order to make out a claim for conversion, a plaintiff must establish "(1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Id.* at 1109 (internal quotations omitted). Additionally, in cases where a defendant has lawfully come into possession of a plaintiff's property, the plaintiff must also establish that "(1) he or she demanded the return of the property from the possessor after the possessor exerted dominion or control over the property, and (2) that the possessor refused to deliver the property to its rightful owner." *Id.* (internal quotations omitted). The measure of damages in a conversion action is usually the value of the converted property at the time it was converted. *Tabar v. Charlie's Towing Serv., Inc.*, 646 N.E.2d 1132, 1136 (Ohio Ct. App. 1994). *See also Erie R.R. Co. v. Steinberg*, 113 N.E. 814, 815 (Ohio 1916)("In a suit for conversion, where the facts do not authorize the assessment of exemplary damages, the general rule for the measure of damages is the value of the property at the time of the conversion." (syllabus of the Court).) However, the rule regarding damages in a conversion action is not "inflexible." *Fulks v. Fulks*, 121 N.E.2d 180, 182 (Ohio Ct. App. 1953)(allowing recovery of attorney fees and other damages sustained in pursuit of converted cattle).

Here, the Court finds that Plaintiffs have sufficiently pled a claim for conversion. The complaint alleges that an order from the Magistrate Judge established that certain of the seized property should be returned to Plaintiffs and that Squire Sanders, and Dempsey, acting as an agent of Planned Parenthood, did not promptly respond to requests for the return of the

8

property—returning the property approximately nineteen months later. (*See* Am. Compl. ¶¶ 9.1–9.4.) The complaint also specifies that the conversion claim is for money damages. Despite the fact that the property was eventually returned, as noted above, the Ohio rule for assessing damages in conversion actions is flexible, and, from the face of the complaint, damages could possibly have arisen during the extended time period Plaintiffs claim to have been deprived of their property. Further, even assuming this is a case where Defendants lawfully came into possession of Plaintiffs' property, Plaintiffs have sufficiently alleged the two additional required factors—that they demanded that the property be returned and that Defendants refused to return the property, a fact that is implicit in the alleged nineteen-month delay of the return of the property.

In support of their position, Squire, Sanders and Dempsey and Planned Parenthood cite several cases indicating that claims for conversion will not lie in cases where property is seized pursuant to a valid court order. However, even assuming that the goods were legally seized, Squire, Sanders and Dempsey and Planned Parenthood have cited no authority to suggest that the tort of conversion could not have occurred after the Magistrate Judge's order was issued.

The Court's holding regarding the conversion claim should only be understood in the current context—motions pursuant to Rule 12(b)(6). In deciding such motions, a Court may take judicial notice of public records without converting the motion into one for summary judgment. *New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)(abrogated on other grounds by *Merck & Co., Inc. v. Reynolds*, 130 S. Ct. 1784 (2010)). Here, a review of the public docket in the action giving rise to this matter does not rule out the possibly that the property seized was actually controlled by Planned Parenthood and/or

Squire, Sanders and Dempsey. Accordingly, the Court must accept as true the complaint's allegations indicating that all of the Defendants together exercised control over the seized property. Further, while the public record indicates that much of the delay in returning the property may possibly be attributable to a delay in the decision of a motion to reconsider the Magistrate Judge's order that certain property be returned, the record also reflects that property belonging to certain of the Bray children was not subject to the motion for reconsideration. This fact adds some plausibility to Plaintiffs' claim.

## IV.

Based on the foregoing, Planned Parenthood and Squire, Sanders and Dempsey's respective motions to dismiss (Docs. 14 & 15) are **GRANTED in PART** and **DENIED in PART**. Plaintiffs' first, second, third, and fourth causes of actions are dismissed as to Squire, Sanders and Dempsey and Planned Parenthood.

**IT IS SO ORDERED**

_____9-13-2010_____
**DATED**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**